IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM P. JACKSON, :
      Plaintiff :
  v. : Case No. 2:23-cv-853-RJC-KAP
A. BRICKMAN, *et al.*, :
      Defendants :

## Memorandum Order

Plaintiff's motion to amend his complaint, ECF no. 61, is granted in part as explained herein.

This matter began in May 2023 when plaintiff Jackson was a pretrial detainee at the Allegheny County Jail and filed a 40-page complaint at ECF no. 5, amended at ECF no. 12, alleging that defendants were liable to him because his health care at the jail was deficient. The complaint has never been served because the grant to plaintiff of *in forma pauperis* status does not entitle him to free copywork and plaintiff has not provided the Clerk with service copies. Over the last two years, during which time plaintiff became a sentenced prisoner in the custody of the Pennsylvania Department of Corrections at S.C.I. Albion, plaintiff has filed various motions for free copywork, for appointment of counsel, and for other relief. I denied the last set of plaintiff's motions in March 2024, and plaintiff's appeal was not acted on by the assigned presiding judge.

The matter was recently reassigned to a new district judge, and plaintiff has submitted a motion to amend his complaint, ECF no. 61, incorporating an amended 2-page complaint that is a stripped-down version of his previous versions. It makes a claim about a specific episode on April 17, 2023. Plaintiff also moves to stay the case until he can properly address it.

The motion to amend the complaint is granted. That moots all plaintiff's pending appeals, and they need not be acted on.

The Prison Litigation Reform Act still requires me to review the complaint as soon as practicable in accordance with 28 U.S.C.§ 1915A:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

1

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2)    seeks monetary relief from a defendant who is immune from such relief.

This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

    (2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --
    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 10(B), the complaint must be divided into numbered paragraphs, each "limited as far as possible to a single set of circumstances." Those two requirements result in the expectation that a single legible document will identify who the plaintiff believes violated his rights, and how, in a way that allows the court to draw the reasonably plausible inference that each named defendant is liable. "Plausible" is more than an allegation of injury coupled with the possibility that a defendant has acted unlawfully. Alleging facts that are merely consistent with a defendant's liability falls short of the line between possibility and plausibility and do not show an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009).

Plaintiff's amended complaint lacks some pieces necessary to state a claim under Fed.R.Civ.P. 8 and Fed.R.Civ.P. 12(b)(6). *See* Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Under the PLRA, Fed.R.Civ.P. 8(a)(2), and Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, *supra*, 556 U.S. at 678, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's amended complaint is inadequate because he just launches into his account of events without identifying himself as plaintiff or identifying the defendants. Plaintiff cannot simply leave it for the Clerk to figure out by subtraction, *see* Amended Complaint ¶10, who the defendants are. Any person served with the complaint should not need to find previous versions of the complaint to know who "Rachael" and "K. Gibson" are or what "5, B" is, *see* Amended Complaint ¶5, ¶ 9, ¶ 13. Plaintiff should also

allege what injury was caused by the defendants (for instance it is not clear whether corrections officer Weaver is even intended to be a defendant, *see* Amended Complaint ¶¶ 12-13), and plaintiff **must** include a prayer for relief stating what remedy he wants the court to order.

The motion to stay is denied. There is no general provision in federal civil practice for filing and staying complaints. (Soldiers and Sailors' Relief Act stays, habeas corpus stays, and bankruptcy stays are inapplicable here.) Once a plaintiff commences a civil case the complaint should be moved forward to service. *See generally* Federal Rule of Civil Procedure 4. Plaintiff's desire to sue fewer individuals for fewer alleged violations of his rights may overcome his difficulty in providing copies for service, but he must move his case forward regardless.

Plaintiff is directed to file a single comprehensive copy of his amended complaint remedying the defects discussed above. He should do this as soon as practicable. I will then tell him how many copies he needs to provide to the Clerk.

Plaintiff has the right to appeal this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A) within 14 days.

DATE: May 15, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

William P. Jackson QQ-2364
S.C.I. Albion
10745 Route 18
Albion, PA 16475