IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. JACKSON,<br>    Plaintiff<br>  v.<br>A. BRICKMAN, *et al.*,<br>    Defendants | :<br>:<br>: Case No. 2:23-cv-853-RJC-KAP<br>:<br>: |
| WILLIAM P. JACKSON,<br>    Plaintiff<br>  v.<br>SCOTT STAWIARSKI,<br>    Defendant | :<br>:<br>: Case No. 2:24-cv-488-KAP<br>:<br>: |
| WILLIAM P. JACKSON,<br>    Plaintiff<br>  v.<br>C/O STAWARSKI, *et al.*,<br>    Defendants | :<br>:<br>: Case No. 2:25-cv-580-KAP<br>:<br>: |

Memorandum Order

    Jackson has four civil matters currently pending: the three captioned above, and Jackson v. Demaske, Case No. 2:20-cv-1226-RJC (W.D.Pa.). This order concerns the three assigned to me on referral or for service. As explained below, I order that Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.) be administratively closed pursuant to Fed.R.Civ.P. 42(a), and I grant the motion to proceed *in forma pauperis* and order service of the complaint in Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.).

    William P. Jackson is an inmate currently in the custody of the Pennsylvania Department of Corrections. Jackson was prosecuted in United States v. Jackson, Case No. 2:20-cr-118-NBF (W.D.Pa. September 28, 2022). Jackson is currently litigating a habeas corpus petition over the computation of sentencing credit for his federal sentence after his supervised release was revoked in January 2024; his current state sentence is a 3-6 year term of imprisonment, imposed in February 2024. *See* Jackson v. Thompson, Case No. 1:25-cv-9-RAL (W.D.Pa.).

    In addition to his currently pending and several past habeas corpus petitions, Jackson has filed many civil complaints in this court about the conditions of his confinement in state custody and in federal custody. Most of them have been dismissed without reaching the merits because Jackson has failed in one way or another to prosecute

1

them. *See* Jackson v. Cameron, Case No. 2:14-cv-77-KRG-KAP (W.D.Pa.), dismissed June 24, 2014, no appeal; Jackson v. Harper, Case No. 2:21-cv-399-KRG-KAP (W.D.Pa.), dismissed December 12, 2022, no appeal; Jackson v. Passarelli, Case No. 2:22-cv-854-KRG-KAP (W.D.Pa.), dismissed December 2, 2022, no appeal; Jackson v. Edwards, Case No. 2:23-cv-1117-KAP (W.D.Pa.), administratively closed for lack of filing fee July 5, 2023, correspondence from Jackson dated June 23, 2023, mailed July 13, 2023, received July 17, 2023, indicating Jackson would withdraw the complaint if that were necessary to excuse him from paying the filing fee; Jackson v. Bayikeffir, Case No. 2:23-cv-1201-KAP (W.D.Pa.), administratively closed for lack of filing fee July 5, 2023, no further communication from Jackson; Jackson v. Harper, Case No. 2:23-cv-1353-NR-LPL (W.D.Pa.), dismissed October 27, 2023 as an invalid attempt to bring a civil complaint as a habeas petition, no appeal; Jackson v. Harper, Case No. 2:23-cv-1396-LPL (W.D.Pa.), administratively closed for lack of filing fee August 31, 2023, no further communication from Jackson.

The first of my three pending matters with Jackson, Jackson v. Brickman, Case No. 2:23-cv-853-RJC-KAP (W.D.Pa.), illustrates the difficulties with Jackson's disorganized pursuit of his complaints: though the original complaint was filed in May 2023, it has not yet proceeded to service because Jackson has not yet provided service copies as directed. Jackson's appeal of my order denying him free copy work may be moot as explained below, but it delayed this matter from April 2024 until its recent reassignment to a new presiding judge.

My two most recent cases, Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.) and Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.), involve the same claim against the same defendant corrections officer at the Allegheny County Jail who allegedly violated Jackson's civil rights between April and September 2023. (I will use the spelling "Stawarski"). The difference in spelling is related to the fact that Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.) began as a counseled, fee-paid case in April 2024 naming only the corrections officer as a defendant. Counsel, who is a different attorney from the nine appointed counsel who have represented Jackson in his federal matter, represented Jackson in at least one of his state court criminal matters. That attorney was granted leave to withdraw on May 2, 2025, and the case was then assigned to me for initial processing.

Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.) began on April 30, 2025, with Jackson filing a *pro se* complaint repeating the claims against the corrections officer and adding claims against nine other defendants. Jackson seeks leave to proceed *in forma pauperis* in that case.

Meanwhile, in March 2025, Jackson submitted a motion to amend his complaint in Jackson v. Brickman, Case No. 2:23-cv-853-RJC-KAP (W.D.Pa.), incorporating an

amended 2-page complaint about a specific episode on April 17, 2023 in which Jackson was allegedly denied proper medical care. Jackson stated that he intended to drop several defendants from that litigation but because it is not clear whether Jackson seeks to drop all claims except for those related to the episode on April 17, 2023 and if so who the defendants are, Jackson has been ordered to file a "single comprehensive copy of his amended complaint" in Jackson v. Brickman, Case No. 2:23-cv-853-RJC-KAP (W.D.Pa.), "as soon as practicable." *See* ECF no. 62, my Order of May 15, 2025 in Jackson v. Brickman, Case No. 2:23-cv-853-RJC-KAP (W.D.Pa.). Once Jackson does that and provides copies for service on the defendants that case can move forward.

The claims in Jackson v. Brickman, Case No. 2:23-cv-853-RJC-KAP (W.D.Pa.), center on the medical care Jackson received or did not receive at the Allegheny County Jail from March 2023 until the filing of his complaint in May 2023. Whether or not that complaint is amended to delete any complaint about any events other than those of April 17, 2023, it will not overlap with the claims in Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.) and Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.). The claims in those two cases, however, not only overlap, but are identical insofar as defendant Stawarski is concerned. It makes no sense legally or practically for both of those cases to proceed.

Rule 42(a)(3) allows the court to issue orders in related cases in order to avoid unnecessary cost or delay. That is appropriate in this matter. Accordingly:

The Clerk shall administratively close Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.). Judgment in Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.) against Stawarski, whenever it is entered, will resolve any claims in the earlier case.

The motion to proceed *in forma pauperis* in Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.), ECF no. 1, is granted. When Jackson provides the Clerk with ten copies of the complaint and directions for service on the defendants, the Clerk shall forward the copies and this order to the Marshal. The Marshal shall serve the complaint on the defendants at the direction of the plaintiff (the Marshal shall send waiver of service forms first). Costs of service will be advanced by the United States.

Since plaintiff has already paid the filing fee in Jackson v. Stawiarski, Case No. 2:24-cv-488-KAP (W.D.Pa.), no additional filing fee shall be collected in Jackson v. Stawarski *et al.*, Case No. 2:25-cv-580-KAP (W.D.Pa.). The grant to Jackson of *in forma pauperis* status does not afford him free copy work.

The parties have the right to appeal this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A) within 14 days.

DATE: May 27, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

William P. Jackson QQ-2364
S.C.I. Albion
10745 Route 18
Albion, PA 16475